**JOSEPH CORMAN CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 64-246-C.**

United States District Court
D. Massachusetts.

Oct. 28, 1965.

Arthur Eskin, Framingham, Mass., for

Paul Markham, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action brought by plaintiff, a Massachusetts corporation, against the United States. Jurisdiction is based on 28 U.S.C.A. § 1346(a).

The complaint as originally filed sounded in contract and charged that the United States "has failed to perform the * * * contract in accordance with its terms because of the unreasonable delay between the date of the award and the notice to proceed and is therefore in breach of contract." The complaint subsequently was amended by striking the above-quoted paragraph and substituting therefor the allegation that "the defendant has breached the aforesaid contract

because the delay between the date of the award and the notice to proceed was caused by acts of negligence or willful misconduct on the part of the defendant."

After trial, I find that the United States, acting through the General Services Administration, on January 25, 1963, issued an invitation for bids on a proposed contract for the construction of new court facilities in the United States Post Office and Courthouse Building, Boston, Massachusetts. The invitation for bids provided that the bids were to be opened at 3:00 p. m. on February 15, 1963 and stated that the successful bidder was to be notified within 30 calendar days after the date of the opening of the bids. The successful bidder was required to "commence the work within 15 calendar days after the date of receipt of notice to proceed and to complete the work within 150 calendar days after the date of receipt of notice to proceed." Both the invitation for bids and the contract were silent with reference to the time when the United States was to issue a notice to proceed to the successful bidder.

The plaintiff corporation was notified by letter that it was the successful bidder on March 4, 1963 and it executed a contract with the United States on the same day. Its surety bonds were approved by the Government on March 13, 1963.

On September 26, 1963, plaintiff received a notice to proceed and thereafter began to execute the contract. The parties are in agreement that plaintiff properly performed all work required by the contract and was paid the contract price therefor. In the instant action plaintiff seeks to recover $7,200, the amount by which it claims its cost of performance of the contract was increased due to increments in the cost of labor and materials which became effective in the interval between March 4 and September 26, 1963. Plaintiff's theory is that it would not have been subjected to these additional costs had a notice to proceed with the work been issued promptly after the awarding of the contract, on March 4, and plaintiff also says that the non-

issuance of the notice to proceed shortly after March 4 is due to negligence of the United States.

Plaintiff's amendment to paragraph 10 of the complaint leaves the Court in doubt as to whether the amendment was intended by plaintiff as an abandonment of the claim in contract and substitution therefor of a claim in tort, or merely the addition of a claim in tort while leaving the original claim in contract. If the complaint be evaluated as still sounding in contract plaintiff must fail because no breach of contract has been proven. There is no term in the contract which requires the issuance of a notice to proceed within any stated time. If the contract be construed (despite the absence of any limitation on the time in which the notice to proceed must be issued by the Government) as nevertheless requiring issuance within a reasonable time, plaintiff has failed to prove what, on all the circumstances and facts of this case, was or would have been a reasonable time for the issuance of a notice to proceed, and as a corollary thereof has failed to prove that the Government failed to issue its notice to proceed within a reasonable time.

If the case be considered as one sounding only in tort for negligence, plaintiff likewise has failed to prove a case. The only witness whose testimony could be construed as relating to negligence was Lee Groner, Chief, Design and Construction Division, General Services Administration. He represented the United States in this matter as the contracting officer. Mr. Groner testified that he did not issue the notice to proceed until after the premises where the work was to be done were vacated. He testified that a Government official other than he was responsible for effecting the removal of the Referee in Bankruptcy and the Bureau of Narcotics from the premises. This official was never identified and no testimony whatsoever was offered as to the reason why this unnamed official did not relocate these agencies more promptly.

Plaintiff cannot prevail on a negligence theory on its mere showing of the lapse of time and nothing further.

Judgment for the defendant, with costs.